## OLD DOMINION MARINE RY. CORPORATION et al. v. NORTHERN TRANSP. CO.

## WEST END TRUST CO. v. SAME.

(District Court, D. Delaware. November 13, 1925.)

Nos. 453, 462.

**1. Maritime liens ⟨⇒⟩48.**

Court of equity has no power to sell vessels free of maritime liens without lienholder's consent, express or implied.

**2. Maritime liens ⟨⇒⟩48.**

Maritime lien holder, claiming lien against vessel sold without his consent by receiver, has no rights in proceeds.

In Equity. Consolidated suits by the Old Dominion Marine Railway Corporation and others and by the West End Trust Company against the Northern Transportation Company. The motion of the United States for leave to file petition that receiver be directed to pay petitioner out of the moneys arising from sale of defendant's vessels in his hands the amount of certain alleged maritime liens thereon was granted, and argument heard on the merits as if on motion to dismiss petition. Petition dismissed.

David J. Reinhardt, U. S. Atty., of Wilmington, Del., and Willis E. Monty, of Burlington, Vt., for the United States.

William G. Mahaffy, of Wilmington, Del., and Francis S. Laws, of Philadelphia, Pa., for receiver.

Charles McC. Howard, of Baltimore, Md., for bondholders' committee.

MORRIS, District Judge. Motion for leave to file petition of the United States of America, praying in effect that the receiver be directed to pay to the petitioner out of the moneys arising from the sale of vessels of the Northern Transportation Company, and now remaining in his hands, the amount of certain alleged maritime liens of the petitioner against certain of said vessels, not having been opposed and no reason appearing why the motion should be denied, it will be granted and the petition filed. For purposes of expedition and convenience the merits of the petition were debated by counsel, as if upon a motion to dismiss, at the time fixed for hearing upon the motion for leave to file. Briefs upon the merits have likewise been submitted and considered.

[1, 2] I do not understand from the cases that a court of equity may sell vessels free and discharged from maritime liens without the consent, express or implied, of the lienholder. Such consent was not given by the

petitioner prior to the sale of the vessels, and the absence of such consent is confirmed by the present attitude of the petitioner that it is still in a position to proceed under its liens against the vessels sold. It seems to me to be wholly impossible for a maritime lien holder to have and retain his lien against the vessel after sale, and yet have rights against the proceeds of sale. Where property is sold subject to a lien, the proceeds of sale begin to arise only at the point where the rights of the lienholder leave off. Such proceeds represent only the value of the property over and above the lien, and consequently belong exclusively to others—to those whose rights in, to, or against the res were divested and sold.

For these reasons the petition must be dismissed.